UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

Valerie Q. Palmore,

*Debtor.*

Case No. 24-14253-amc
Chapter 7

**Motion for Sanctions for Violation of the Discharge
Injunction and Automatic Stay by CreditWorks LLC**

Debtor Valerie Q. Palmore, through her attorney, moves this Court for an order imposing sanctions against CreditWorks LLC ("the Creditor"), and in support states as follows:

**Jurisdiction**

1. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O) because it concerns enforcement of the discharge injunction. Because the Court has core jurisdiction, it need not reopen the case to consider this Motion.[1]

3. The Debtor consents to entry of a final order by the Court.

**Background**

4. The Debtor filed a voluntary petition for relief under chapter 7 on November 27, 2024. At that time, the automatic stay went into effect, which prohibited the Creditor from taking any action to collect, recover, or enforce pre-petition debts against the Debtor.

5. When this case was filed, the Debtor owed money to the Creditor, which the Debtor listed on Schedule E/F.

---

[1] *In re Gray*, 2017 WL 5125537, at *3 (Bankr. N.D. Ga. Nov. 2, 2017) (citing 6 Collier on Bankruptcy ¶ 350.03[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. Supp. 2013)).

6. The Creditor is a sophisticated lender that regularly loans money to consumers. Upon information and belief, the Creditor routinely encounters bankruptcy filings and has established compliance systems to prevent violations of the Bankruptcy Code.

7. Upon information and belief, the Creditor maintains internal monitoring systems and subscribes to third-party services that track bankruptcy filings through PACER, credit reporting agencies, and other data tools. These systems alert the Creditor when a borrower files for bankruptcy and receives a discharge.

8. On or about October 31, 2024, the Creditor reported its address to TransUnion and Equifax as 3191 Coral Way, Miami, FL 33145.[2]

9. The Bankruptcy Noticing Center served notice of the bankruptcy filing and automatic stay on the Creditor at the Coral Way address on November 29, 2024.[3] Upon information and belief, the Creditor also knew about the bankruptcy filing through other sources.

10. After learning of the automatic stay, the Creditor repeatedly demanded payment from the Debtor through phone calls and text messages, which continued after the Debtor told the Creditor that she filed for bankruptcy.[4]

11. Later, the Court entered a discharge injunction on March 6, 2025. The injunction discharged the debt owed to the Creditor and prohibits it from attempting to collect that debt from the Debtor.

---

[2] Exhibit A.

[3] Exhibit B.

[4] Exhibit C; Exhibit D.

12. The Bankruptcy Noticing Center served the discharge injunction on the Creditor at the Coral Way address on March 9, 2025.[5] Upon information and belief, the Creditor also knew about the injunction through other sources.

13. After the Creditor received notice about the discharge, it continued to contact the Debtor with demands for payment. In one phone conversation, when the Debtor told the Creditor that she had received a discharge, the Creditor responded that it "do[es] not care."[6]

14. Upon information and belief, on or about December 31, 2024, January 31, 2025, and February 28, 2025, the Creditor informed credit reporting agencies that the Debtor was delinquent on pre-petition debt for the purpose of coercing payment on that debt.

15. As a result of the Creditor's misconduct, the Debtor suffered damages, including emotional distress, anxiety, embarrassment, reputational harm, and attorney's fees.

## Relief Requested

16. The Debtor requests that the Court enter an order finding that the Creditor caused her to suffer damages by willfully, intentionally, and egregiously violating the automatic stay and the discharge injunction.

17. The Debtor also requests that the Court award her actual damages, punitive damages, and attorney's fees and costs.

## Grounds for Relief

18. Because the Creditor's misconduct occurred before and after entry of the discharge injunction, the Debtor seeks relief under both 11 U.S.C. § 362(k)(1) and 11 U.S.C. § 524(a)(2).

---

[5] Exhibit E.

[6] Exhibit C.

3

19. The automatic stay is violated when a creditor attempts to collect a pre-petition debt from a debtor.[7] Creditors that willfully violate the stay are liable for "actual damages, including costs and attorney['s] fees, and, in appropriate circumstances, … punitive damages."[8] Punitive damages are appropriate when a creditor's misconduct is egregious.[9] Harassment and repetitive misconduct warrant heightened punitive damages.[10]

20. To recover damages, a debtor must show that "the creditor violated the automatic stay, the violation of the stay was willful, and the willful violation caused some injury."[11] A stay violation is willful "when the creditor does so with knowledge of the bankruptcy."[12]

21. Likewise, the discharge injunction is violated when a creditor knows about the discharge, undertakes collection activity anyway, and there is "no fair ground of doubt" that the injunction barred their misconduct.[13] When that happens, this Court has authority to impose civil

---

[7] 11 U.S.C. § 362(a)(6).

[8] 11 U.S.C. § 362(k)(1).

[9] *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (Fox, B.J.) (citing *Cochetti v. Desmond*, 572 F.2d 102 (3d Cir. 1978)).

[10] *In re Johnson*, 601 B.R. 365, 384 (Bankr. E.D. Pa. 2019) (Chan, B.J.).

[11] *In re Scungio Borst & Assocs.*, 652 B.R. 644, 652 (Bankr. E.D. Pa. 2023) (Chan, B.J.) (cleaned up).

[12] *Id.*

[13] *In re Bernhard*, 639 B.R. 117, 129 (Bankr. E.D. Pa. 2022) (Frank, B.J.) (citing *Taggart v. Lorenzen*, 587 U.S. 554, 560-62 (2019)), aff'd sub nom. *Bernhard v. Kull*, 2023 WL 1767476 (E.D. Pa. Feb. 3, 2023), aff'd sub nom. *In re Bernhard*, 2024 WL 379468 (3d Cir. Feb. 1, 2024).

contempt sanctions to enforce the injunction.[14] Contempt sanctions may include punitive damages when a creditor's misconduct is egregious.[15]

22. Here, the Creditor had actual knowledge of the bankruptcy case, the automatic stay, and the discharge injunction from the Court, as well as constructive knowledge through the Debtor and third-party sources. Despite receiving notice, the Creditor persisted in its collection efforts and affirmatively stated its intent to continue, demonstrating the willfulness of its misconduct.

23. The Creditor's misconduct left no fair ground of doubt that it violated federal law. Both the automatic stay and the discharge injunction are unambiguous in prohibiting collection efforts against the Debtor. After all, the Creditor is a sophisticated lender with established compliance systems and routine exposure to bankruptcy proceedings, making any professed ignorance of the law or the Debtor's protected status implausible. It knew what it was doing.

24. These acts inflicted actual harm on the Debtor in the form of emotional distress. She was further harmed by the derogatory information that the Creditor repeatedly reported to credit reporting agencies, damaging her creditworthiness and compounding the emotional harm she experienced.

25. The repetitive nature of the violations, along with the hostile indifference expressed by the Creditor, warrants punitive damages. If there is any doubt, consider that the Creditor brazenly stated that it "do[es] not care" about the Debtor's bankruptcy. This disregard for federal law is egregious.

---

[14] *Id.*

[15] *In re Anderson*, 641 B.R. 1, 51 (Bankr. S.D.N.Y. 2022); *In re Tucker*, 526 B.R. 616, 622 (Bankr. W.D. Va. 2015); *In re Wassem*, 456 B.R. 566, 572–73 (Bankr. M.D. Fla. 2009); *In re Nibbelink*, 403 B.R. 113, 121–22 (Bankr. M.D. Fla. 2009).

26. The Court must impose punitive damages to deter this kind of misconduct by the Creditor and others. Without punitive damages, the Creditor may view actual damages as merely a cost of doing business.

## Conclusion

The Creditor received notice of the Debtor's bankruptcy and discharge, but willfully and repeatedly attempted to collect a debt that had been extinguished under the law. Despite multiple warnings from the Debtor, the Creditor persisted in its collection efforts, causing her emotional distress and other harm. These violations were not isolated — they were deliberate, sustained, and underscored by statements that reflect a willful disregard for the Bankruptcy Code.

The integrity of the bankruptcy system depends on meaningful enforcement. Accordingly, the Debtor asks the Court to find the Creditor in willful violation of the automatic stay and discharge injunction, award actual damages for her injuries, and impose punitive damages to deter similar misconduct. The Debtor also asks the Court to enter such other and further relief in her favor as may be necessary and proper under the law.

Date: March 23, 2025  **SADEK LAW OFFICES, LLC**

By: */s/ Michael I. Assad*
Michael I. Assad
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

*Attorney for Debtor*